1541

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. )
) Criminal No. 15-73
RYAN ANDREW GUSTAFSON )
    a/k/a Willy Clock )
    a/k/a Jack Farrel )
ZACKARY L. RUIZ )
    a/k/a Mr. Mouse )
JEREMY J. MILLER )
    a/k/a Sinner )
MICHAEL Q. LIN )
    a/k/a Mlin )
    a/k/a Mr. Casino )

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Shardul S. Desai, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

#### I. THE INDICTMENT

A Federal Grand Jury returned a seven-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy<br>On or about December 2013<br>to December 11, 2014 | 18 U.S.C. § 371 | Gustafson<br>Ruiz<br>Miller<br>Lin |

| | | | |
|---|---|---|---|
| 2 | Conspiracy to Launder Money<br>On or about December 2013 to December 11, 2014 | 18 U.S.C. § 1956(h) | Gustafson<br>Ruiz<br>Miller<br>Lin |
| 3 | Passing Counterfeit Currency<br>On or about December 26, 2013 | 18 U.S.C. §§ 472, 2 | Gustafson |
| 4 | Passing Counterfeit Currency<br>On or about January 27, 2014 | 18 U.S.C. §§ 472, 2 | Gustafson |
| 5 | Receiving Counterfeit Currency<br>On or about February 17, 2014 | 18 U.S.C. §§ 473, 2 | Gustafson |
| 6 | Receiving Counterfeit Currency<br>On or about February 17, 2014 | 18 U.S.C. §§ 473, 2 | Gustafson |
| 7 | Receiving Counterfeit Currency<br>On or about February 17, 2014 | 18 U.S.C. §§ 473, 2 | Gustafson |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of Conspiracy, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit an offense against the United States, as charged in the indictment;

2. That the defendant was a party to or member of that agreement;

   3. That the defendant joined the agreement or conspiracy knowing of its objectives to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit an offense against the United States; and

   4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

   <u>Third Circuit Model Criminal Jury Instruction</u>, 6.18.371A.

 B. **As to Count 2:**

   In order for the crime of Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

   1. That a conspiracy to launder money, as charged in the indictment, was entered into by two or more people;

   <u>United States v. Navarro</u>, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

   2. That the defendant knew the purpose of the conspiracy;

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

3.   That the defendant deliberately joined the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h); Whitfield v. United States, 543 U.S. 209 (2005) ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

C.   **As to Counts 3-4:**

In order for the crime of Passing Counterfeit Currency, in violation of 18 U.S.C. § 472, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendant passed, uttered, published or attempted to pass, utter or publish a falsely made, forged, counterfeited or altered obligation or security of the United States.

> United States v. DeFilippis, 637 F.2d 1370 (9th Cir. 1981); United States v. Hill, 801 F.2d 356 (8th Cir. 1986); United States v. Drumright, 534 F.2d 1383 (10th Cir. 1976); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶21.03 (1989).

2.   That the defendant knew at the time that the obligation was falsely made, forged, counterfeited or altered.

> United States v. DeFilippis, 637 F.2d 1370 (9th Cir. 1981); United States v. Combs, 672 F.2d 574 (6th Cir. 1982); United States v. Bishop, 534 F.2d 214 (10th Cir.

4

1976); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, <u>Modern Federal Jury Instructions</u>, ¶21.03 (1989).

    3.    That the defendant acted willfully and with the intent to defraud.

<u>United States v. Finnerty</u>, 470 F.2d 78 (3d Cir. 1972); <u>United States v. Meisch</u>, 370 F.2d 768 (3d Cir. 1966); <u>United States v. DeFilippis</u>, 637 F.2d 1370 (9th Cir. 1981); <u>United States v. Perez</u>, 698 F.2d 1168 (11th Cir. 1983); <u>United States v. Drumright</u>, 534 F.2d 1383 (10th Cir. 1976); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, <u>Modern Federal Jury Instructions</u>, ¶21.03 (1989).

    D.    **As to Counts 5-7:**

In order for the crime of Receiving Counterfeit Currency, in violation of 18 U.S.C. § 473, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant bought, sold, exchanged, transferred, received or delivered falsely made, forged, counterfeited, or altered obligations or securities of the United States.

<u>Seventh Circuit Model Criminal Jury Instruction</u>, 8.18 U.S.C. § 473.

    2.    That the defendant knew that the obligations or securities of the United States were falsely made, forged, counterfeited, or altered.

<u>Seventh Circuit Model Criminal Jury Instruction</u>, 8.18 U.S.C. § 473.

3. That the defendant intended that the falsely made, forged, counterfeited, or altered obligations or securities of the United States be passed, published, or used as true and genuine.

<u>Seventh Circuit Model Criminal Jury Instruction</u>, 8.18 U.S.C. § 473.

### III. PENALTIES

A. **As to Count 1:** Conspiracy (18 U.S.C. § 371):

1. <u>Individuals</u> - The maximum penalties for individuals are:

 (a) imprisonment of not more than 5 years (18 U.S.C. § 371);

 (b) a fine not more than the greater of;

  (1) $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

  (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

 (c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

 (d) Any or all of the above.

B.  **As to Count 2:** Conspiracy to Launder Money (18 U.S.C. § 1956(h)):

    1.  <u>Individuals</u> - The maximum penalties for individuals are:

        (a)  imprisonment of not more than 20 years;

        (b)  a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater;

        (c)  a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

        (d)  Any or all of the above.

C.  **As to Counts 3-4:** Passing Counterfeit Currency (18 U.S.C. § 472):

    1.  <u>Individuals</u> - The maximum penalties for individuals are:

        (a)  imprisonment of not more than 20 years (18 U.S.C. § 472);

        (b)  a fine not more than the greater of:

            (1)  $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

            (2)  an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would

unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d) Any or all of the above.

**D. As to Counts 5-7:** Receiving Counterfeit Currency (18 U.S.C. § 473):

1. <u>Individuals</u> - The maximum penalties for individuals are:

(a) imprisonment of not more than 20 years (18 U.S.C. § 473);

(b) a fine not more than the greater of:

(1) $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d) Any or all of the above.

8

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be required in this case as to Counts One through Seven, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

### VI. FORFEITURE

As set forth in the indictment, forfeiture may be applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

By: *Shardul Desai*
Shardul Desai
Assistant U.S. Attorney
DC Bar No. 990299